

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| OTIS R. JONES, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:97cv517 AS |
| ) | |
| HERB NEWKIRK, Superintendent ) | |
| ) | |
| Respondent ) | |

## *MEMORANDUM AND ORDER*

On or about August 6, 1997 this petitioner, Otis R. Jones, appearing *pro se* filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on December 9, 1997, represents the necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982). This *pro se* petitioner filed a six-page handwritten Traverse with attachments on January 30, 1998, which has been carefully examined here.

This petitioner was at the time of the filing of this case a convicted felon serving a sentence imposed by a court in the State of Indiana at the Maximum Control Complex in Westville, Indiana in this district. However, the Conduct Adjustment Board proceeding which involved this petitioner occurred at the Wabash Valley Correctional Facility. Quite correctly, this petitioner invokes *Sandin v. Conner,* __ U.S. __, 115 S.Ct. 2293 (1995), and *Wolff v. McDonnell,* 418 U.S. 539 (1974). However, his citation to *In Re Winship,* 397 U.S. 358 (1970) is not well taken with reference to this proceeding. It also needs to be remembered that this court does not here sit to determine questions of state law. *See Estelle*

*v. McGuire*, 502 U.S. 62 (1991). The invocation of *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), is very familiar here, and this court is familiar with *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996). *See also Hester v. Mc Bride*, 966 F.Supp. 765 (N.D.Ind. 1997).

This petitioner apparently is attempting to raise for the first time a facial constitutional challenge to ADPP Code Number 100 as being in violation of the due process clause of the Fourteenth Amendment, and that issue simply will not fly here. *Rasheed-Bey v. Duckworth*, 969 F.2d 357 (7th Cir. 1992), is not authority to hold ADPP Code Number 100 in violation of the due process clause, and neither is *State v. Mullins*, 647 N.E.2d 676, 678 (Ind. 1995). In any event, *Mullins* is based on state law.

The memorandum filed by the Attorney General of Indiana on December 9, 1997, pages 1-3 sets out undisputed facts that this Court presumes as correct under 28 U.S.C. §2254(e)(1). The proceeding which was had in November and December, 1996 resulted in a determination that this petitioner was illegally in possession of a controlled substance. The sanction imposed was a written reprimand, disciplinary segregation for three years and a deprivation of earned credit time of 200 days. However, the disciplinary segregation and the loss of earned time credit were suspended, which would appear to be an act of generosity on the part of the officials in the Department of Correction. The administrative proceedings were complete on or about January 23, 1997.

There is a very serious question here as to whether or not there is a liberty interest involved under *Sandin v. Conner*, __U.S. __, 115 S.Ct. 2293 (1995). However, even if

2

*Sandin* does not end the discussion in this case there is every indication that the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974), even under the more recent following of *Superintendent v. Hill*, 472 U.S. 445 (1985) the evidence here is sufficient. Even under *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996) such is true. *See also Hester v. McBride*, 966 F.Supp. 765 (N.D. Ind. 1997). The standard of review which became effective April 24, 1996 is even less helpful to this petitioner. *See Sweeney v. Parke*, 113 F 3d 716 (7th Cir. 1997). There is no basis for relief here shown under U.S.C. §2254 and such is now **DENIED.**

    **IT IS SO ORDERED.**

    **DATED:** February 5, 1998

                                s/Allen Sharp
                                **ALLEN SHARP, JUDGE**
                                **UNITED STATES DISTRICT COURT**